**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Corey Lamont Holleman,

Petitioner,

vs.

Keith Hartsuck, et al.,

Respondents.

CV10-0433-TUC-JGZ (JR)

**REPORT AND RECOMMENDATION**

Pending before the Court is Corey Lamont Holleman's Petition for Writ of Habeas Corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In its Memorandum Decision affirming Holleman's conviction, the Arizona Court of Appeals summarized the factual background as follows:

> In late 2006, officers of the Tucson Police Department investigated a suspected drug house in midtown Tucson occupied by Holleman and several others, culminating in a search of the residence pursuant to a warrant. In the master bedroom used by Holleman, they found two small digital scales, several small packages of powder cocaine, and a locked safe containing more than eighty-seven grams of crack cocaine, approximately one thousand dollars in cash, and several documents bearing Holleman's name, including a vehicle title, a notebook containing records of financial transactions, and an invoice for the purchase of the safe. Based on the items found, Holleman was charged with a single count of possession of a narcotic drug for sale.
>
> Testimony at trial established that the safe had been used by Holleman and a business partner who had a key. There was conflicting evidence about whether the safe had also been accessible to the other occupants of the house; although Holleman's partner testified he kept the key next to the safe, the police did not find it during their search. Over Holleman's objection, the court instructed the jury on accomplice liability, and during closing argument, the state referred to this instruction, telling the jury that "even if you believe that [Holleman] never touched these drugs . . . and that he was letting people use the safe, then he's guilty." The jury found Holleman guilty of the charged offense and found for sentencing purposes that the amount of cocaine base he had possessed was 750 milligrams or more, pursuant to A.R.S. §§ 13-3401(36)(C) and 13-3408(D). After finding Holleman had four prior felony convictions and was on probation at the time of the offense, the court sentenced him to an enhanced, presumptive prison term of 15.75 years.

*Answer*, Ex. A, p. 2.

Holleman raised four claims on direct appeal. He asserted that: (1) his right to be present at a critical stage of the case was violated when he was not present during jury selection; (2) his due process rights were violated by the trial court's accomplice

liability instruction; (3) the accomplice liability instruction impermissibly shifted the burden of proof; and (4) the trial court's finding the existence of prior convictions by a preponderance of the evidence was structural error requiring reversal. *Id*., Ex. H, p. ii. By Memorandum Decision filed August 26, 2008, the Arizona court of Appeals rejected Holleman's claims. *Id*., Ex. A. Holleman then sought review of the decision by the Arizona Supreme Court, which denied review by order dated January 6, 2009. *Id*., Ex. B.

On March 5, 2009, Holleman filed a Notice of Post-Conviction Relief and in August 2009 he filed the supporting petition. *Id*., Exs. C & D. Holleman raised several ineffective assistance of counsel (IAC) claims, contending that his trial counsel was ineffective because he did not: (1) honor Holleman's request to testify at trial; (2) move to preclude evidence that guns and ammunition were found during the search; (3) request a "mere presence" instruction; (4) request a lesser –included instruction of simple possession; and (5) did not thoroughly investigate the case. *Id*., Ex. D, p. 7.

In a ruling dated March 19, 2008, the trial court denied Holleman's PCR claims on the merits. *Id*., Ex. E. Holleman then sought review of his post-conviction petition in the Arizona Court of Appeals, and by Memorandum Decision filed June 25, 2010, the Court of Appeals granted review but denied relief. *Id*., Ex. F.

In the instant petition, Holleman raises four claims. In Ground One he asserts that his Sixth Amendment rights were violated because he was not present during jury selection. In Ground Two, Holleman argues that the trial court's accomplice

liability instruction violated his rights under the Sixth and Fourteenth Amendments. In Ground Three, Holleman contends that the trial court's jury instruction improperly shifted the burden of proof from the prosecution to the defense. Ground Four alleges that the trial court violated the rule of *Blakely v. Washington*, 542 U.S. 296 (2004), by finding the existence of prior convictions using a standard of proof below the beyond-a-reasonable-doubt standard.

## II. LEGAL DISCUSSION

### A. Exhaustion/Preclusion

A state prisoner must exhaust the available state remedies before a federal court may consider the merits of his habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Nino v. Galaza*, 183 F.3d 1003, 1004 (9th Cir.1999). Exhaustion occurs either when a claim has been fairly presented to the highest state court, *Picard v. Connor*, 404 U.S. 270, 275 (1971), or by establishing that a claim has been procedurally defaulted and that no state remedies remain available, *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Exhaustion requires that a habeas petitioner present the substance of his claims to the state courts in order to give them a "fair opportunity to act" upon these claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A claim has been "fairly presented" if the petitioner has described the operative facts and legal theories on which the claim is based. *Picard v. Connor*, 404 U.S. 270, 277-78 (1971); *Rice v. Wood*, 44 F.3d 1396, 1403 (9th Cir. 1995). The operative facts must be presented in the appropriate context to satisfy the exhaustion requirement. The fair presentation

requirement is not satisfied, for example, when a claim is presented in state court in a procedural context in which its merits will not be considered in the absence of special circumstances. *Castille*, 489 U.S. at 351. An exact correlation of the claims in both state and federal court is not required. *Rice*, 44 F.3d at 1403. The substance of the federal claim must have been fairly presented to the state courts. *Chacon v. Wood*, 36 F.3d 1459, 1467 (9th Cir. 1994) (citations omitted).

A petitioner may also exhaust his claims by either showing that a state court found his claims defaulted on procedural grounds or, if he never presented his claims in any forum, that no state remedies remain available to him. *See Jackson v. Cupp*, 693 F.2d 867, 869 (9th Cir. 1982). "To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32," *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994), and then present his claims to the Arizona Court of Appeals. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).

**1. Ground Two**

Respondents assert that Holleman did not exhaust a portion of Ground Two of the Petition. In that claim, Holleman asserts that he was not indicted under accomplice liability, but with possession, and that the prosecution changed the charges during trial despite no evidence to support the change. *Petition*, p. 7. Respondents contend that Holleman did not present the “no evidence” portion of the argument to the trial court and made only passing reference to the claim in the

"Statement of the Issues" section of his Opening Brief on direct appeal. *Answer*, pp. 6-7. In reply, Holleman contends that the claim was presented at both trial and on appeal, but that the Arizona Court of Appeals refused to decide the issue. *Reply*, p. 3.

Looking first at Holleman's Opening Brief on direct appeal, the claim, as Respondents acknowledge, is implicated in paragraph 2 of Holleman's "Statement of the Issues." *Answer*, Ex. H, p. i. Additionally, in the argument associated with the claim, Holleman notes that his trial counsel objected to the accomplice liability instruction on the ground that "there was no evidence at trial to support that theory, but the trial court gave the instruction without making a ruling on the objection." *Id.*, Ex. H, p. 12. However, the remainder of the argument addresses only the propriety of the accomplice liability instruction in general and ignores any development of the argument that the evidence did not support the instruction. Recognizing this shortcoming, the Court of Appeals noted that:

> Although Holleman's statement of the issues asserts that he was "denied his right to due process when the trial court gave an accomplice liability instruction without ruling on [his] objection to the instruction that the evidence did not support the instruction," he fails to develop this argument. We therefore do not consider it. *See State v. Bolton*, 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995).

*Answer*, Ex. A, p. 7 n. 2.

The Ninth Circuit has held that a "general appeal to a constitutional guarantee, such as due process, is insufficient to satisfy fair presentation requirements." *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir.2000) (quoting *Gray v. Netherland*, 518 U.S. 152, 163 (1996). "Exhaustion demands more than drive-by citation,

detached from any articulation of an underlying federal legal theory." *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005). Moreover, "mere similarity between a claim of state and federal error is insufficient to establish exhaustion." *Shumway*, 223 F.3d at 988 (quotations omitted). Under these standards, the "no evidence" portion of Ground 2 is not exhausted. As the Arizona Court of Appeals noted, the record shows that Holleman raised the claim only briefly but never developed any argument to support it. He does not cite, much less explain or apply, any federal authority-- he has not even offered "drive-by" citations. *Shumway*, 223 F.3d at 987 ("It is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance of such a claim to a state court."). As such, that part of Ground 2 is unexhausted.

**2. The claim is procedurally barred**

Respondents contend, and Holleman does not contradict, that Holleman is procedurally barred from now raising this claim in State court. *See* Ariz.R.Crim.P. 32.2(a)(3) ("A defendant shall be precluded from relief under [Rule 32] based upon any ground . . . [t]hat has been waived at trial, on appeal, or in any previous collateral proceeding.") Because Holleman did not properly present this claim to the Arizona courts, the claim is procedurally defaulted and barred from federal review. Ariz.R.Crim.P. 32.1, 32.2(a) & (b); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). As such, the merits of the claim need not be addressed unless Holleman establishes cause and prejudice or that a fundamental miscarriage of justice has

occurred. Holleman has not attempted to do so, and the Court recommends that Holleman's non-exhausted claim be denied.

**B. Merits**

Under the AEDPA, a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the state decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). *See Williams v. Taylor*, 120 S.Ct. 1495 (2000). A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Van Tran v. Lindsey*, 212 F.3d 1143, 1150 (9th Cir. 2000). In determining whether a state court decision is contrary to federal law, the court must examine the last reasoned decision of a state court and the basis of the state court's judgment. *Packer v. Hill*, 277 F.3d 1092, 1101 (9th Cir. 2002). A state court's decision can be an unreasonable application of federal law either (1) if it correctly identifies the governing legal principle but applies it to a new set of facts in a way that is objectively unreasonable, or (2) if it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Hernandez v. Small*, 282 F.3d 1132 (9th Cir. 2002).

**1. Ground One**

Holleman contends that his right to be present at all critical stages of the trial was violated because he was not in the courtroom during jury selection and did not voluntarily waive his presence. At the start of jury selection during Holleman's trial, but before the potential jurors entered the courtroom, the trial judge noted "a problem with [Holleman's] clothes" and indicated that they were trying to "work that out" so Holleman could appear in civilian clothes. *Answer*, Ex. I, p. 3. In light of the problem in obtaining the civilian clothes, the trial judge inquired of Holleman "whether we can start picking the jury without you being here and that's up to you and your attorney to decide." *Id*. After consulting with Holleman, his counsel told the judge that it would be fine to begin selection in Holleman's absence. *Id*. The judge then noted on the record that Holleman's counsel had consulted with him, explained the issue about obtaining the civilian clothes, and then asked Holleman if he had an adequate chance to discuss the issue with his counsel, to which Holleman responded, "Yeah." *Id*. After more explanation, the judge reconfirmed with Holleman his approval that selection of the jury occur in his absence. *Id*. at p. 4.

As it was a critical stage of the proceeding, Holleman had the right to be present during jury selection. *Rushen v. Spain*, 464 U.S. 114, 117 (1983). However, a defendant may consent to exclusion even at a critical stage, *e.g. Campbell v. Wood*, 18 F.3d 662, 670-72 (9th Cir. 1994); *United States v. Berger*, 473 F.3d 1080, 1095 (9th Cir. 2007) ("A defendant . . . may waive his or her constitutional right to be present at all critical stages of the proceedings 'provided such waiver is voluntary, knowing, and intelligent.'"). The Arizona Court of Appeals recognized that the trial

court allowed Holleman to discuss his absence with his counsel and "inquired whether . . . Holleman would agree to the process going forward in his absence until his civilian clothing arrived." *Answer*, Ex. I, p. 5. Nevertheless, in the Petition, Holleman asserts that he "did not have true freedom of choice and had not meaningful alternatives" to waiving his presence. *Petition*, p. 9. However, nothing in the record suggests that he could not have merely declined to allow jury selection to go forward without his presence. In fact, there is nothing in the Petition or the record that would compel this Court to find that the state court's treatment of this claim was objectively unreasonable. *Hernandez v. Small*, 282 F.3d 1132 (9th Cir. 2002).

**2. Ground Two**

Holleman contends that his due process rights were violated because the indictment did not allege accomplice liability, yet an instruction on those grounds was provided to the jury. *Petition*, 10. In addressing this argument, the Arizona Court of Appeals explained that:

> Holleman confuses notice of the specific charges against him with "notice of how his responsibility for those offenses was to be proved." *State v. Tison*, 129 Ariz. 526, 538, 633 P.2d 335, 347 (1981). And although he correctly asserts a right to the former, *see State v. Johnson*, 198 245, 8 P.3d 1159, 1162 (App. 2000), the state's use of an accomplice liability theory does not generally implicate this right because "[u]nder Arizona law, an accused is a principal regardless of whether he directly commits the illegal act or aids or abets in its commission." *State v. McInelly*, 146 Ariz. 161, 162-63, 704 P.2d 291, 292-93 (App. 1985).

*Answer*, Ex. A, pp. 7-8.

To be entitled to habeas relief in a jury instruction context, a petitioner must show a reasonable likelihood that the jury applied the instruction in a way that violated the Constitution. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). Holleman's theory is that the Constitution was violated because allegations of accomplice liability were not contained in the indictment. However, as the Arizona Court of Appeals explained, under Arizona law, the accused is a principal whether he commits the alleged crime directly or as an accomplice. *Answer*, Ex. A, p. 8. The Court of Appeals concluded that:

> Here, Holleman was both charged and convicted of possession of a narcotic drug for sale, and regardless of whether the conviction was based on Holleman's own possession or his aiding others to possess by permitting them to use his safe for that purpose, the offense was clearly contemplated by the indictment.

*Id.*, Ex. A, p. 9.

Holleman does not cite, nor can the Court locate, any clearly established Supreme Court precedent prohibiting Arizona from taking this approach to accomplice liability. Accordingly, this Court cannot find that the state court's denial of his jury instruction claim was contrary to, or an unreasonable application of clearly established Supreme Court law. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (stating that "so long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" the state court decision will not be contrary to clearly established federal law).

**3. Ground Three**

Holleman's next claim is that the trial court's jury instructions diluted the burden on the prosecution and violated his Sixth Amendment rights. *Petition*, p. 8. As the Court of Appeals described the issue:

> a written instruction added the word "alone" to an oral instruction given by the trial court so that it read: "The number of witnesses testifying on one side or the other is not alone the test of a witness[']s c[r]edibility or the weight of the evidence." In addition, the court instructed the jury that "the 'credibility of a witness' means the truthfulness of the witness." Holleman asserts that, taken together, these instructions shifted the burden of proof. First, he contends the inconsistent written instruction permitted the jury to consider the number of witnesses offered by each side, including his exercise of the right not to testify in his own defense, and thus "diluted the presumption of innocence." And, second, he suggests the instruction on credibility was "confusing' and thus created "a real danger that the presumption of innocence m[ight] be prejudiced."

*Answer*, Ex. A, p. 10.

Jury instructions that shift the burden of proof to a defendant or vitiate the requirement that the prosecution prove guilt beyond a reasonable doubt are of course unconstitutional. *See Sandstrom v. Montana*, 442 U.S. 510, 520 (1979); *In re Winship*, 397 U.S. 358, 364 (1970). However, "the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof. Rather, taken as a whole, the instructions must correctly convey the concept of reasonable doubt to the jury." *Victor v. Nebraska*, 511 U.S. 1, 5 (1994). The Ninth Circuit Court of Appeals has instructed the reviewing habeas court to "determine whether there was a reasonable likelihood that the jury understood the

instruction to allow a conviction predicated on proof that was insufficient to meet the requirements of due process." *Lisenbee v. Henry*, 166 F.3d 997, 999 (9th Cir. 1999).

In this case, the Arizona Court of Appeals' analysis on this point is convincing that the jury instructions, taken as a whole, correctly conveyed the concept of reasonable doubt and were sufficient to satisfy due process:

> The instructions at issue here addressed how the jury should evaluate the evidence, not the burden of proof. And, the jurors were also instructed that "if warranted by the evidence, [they might] believe one witness against a number of witnesses testifying differently" and in assessing witness credibility they should consider "how truthful is a witness, and how convincing is his/her evidence, and which witness and which evidence appears to you to be most accurate and otherwise trustworthy in light of all the evidence and circumstances shown."
>
> Furthermore, the contested instructions were given after the trial court had concluded its discussion of reasonable doubt, during which it clearly stated that "[t]he State has the burden [of] proving the defendant guilty beyond a reasonable doubt." The court had also instructed the jury to "consider all of the instructions," to "start with the presumption that the defendant is innocent," and not to "conclude that the defendant is likely to be guilty because of his choices" in testifying or calling witnesses. Viewed in their entirety, therefore, the jury instructions adequately reflected the law and made it clear that the state was required to prove Holleman guilty beyond a reasonable doubt.

*Answer*, Ex. A, pp. 10-11. Not only was the Arizona Court of Appeals conclusion not objectively unreasonable, it is entirely convincing that the instructions, taken as a whole, correctly conveyed the concept of reasonable doubt to the jury. *Victor*, 511 U.S. at 5. Accordingly, Holleman is not entitled to relief on this claim.

**4. Ground Four**

Holleman's final claim is that the trial court committed fundamental error by applying a preponderance of the evidence standard in finding he had four prior

convictions for purposes of sentence enhancement. *Petition*, p. 9. The Arizona Court of Appeals agreed and concluded that under the Arizona Constitution, prior convictions had to be established by clear and convincing evidence before they could be used for the purpose of sentence enhancement. *Answer*, Ex. A, p. 12. However, the outcome is different when Holleman's claim is analyzed under federal authority.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires any fact other than a prior conviction that "increases the penalty for a crime beyond the prescribed statutory maximum" to be "submitted to a jury and proved beyond a reasonable doubt." *Id.* at 490. In *Blakely v. Washington*, 542 U.S. 296, 303–04 (2004), the Supreme Court decided that a defendant in a criminal case is entitled to have a jury determine beyond a reasonable doubt any fact that increases the statutory maximum sentence, *unless* the fact was admitted by the defendant or was based on a prior conviction. The *Blakely* decision did not affect the Supreme Court's earlier decision in *Almendarez–Torres v. United States*, 523 U.S. 224, 239–47 (1998), where the Court held that the fact of a prior conviction need not be determined by a jury before a sentencing court may use the prior conviction as the basis for a sentencing enhancement. Rather, the Supreme Court concluded, prior convictions may be found by the sentencing judge based on a preponderance of evidence. *Id*. at 239–47. *See also Butler v. Curry*, 528 F.3d 624, 641 (9th Cir. 2008) ("that the fact of a prior conviction need not be pleaded in an indictment or proved to a jury beyond a

reasonable doubt . . . [is] the narrow *Almendarez–Torres* exception to the fact-finding requirements established in the *Apprendi* line of cases").

Under this line of cases, the evaluation of Holleman's claim differs from that conducted by the Arizona Court of Appeals. While the Arizona Court of Appeals found error because Arizona law requires that the fact of a prior conviction be established by clear and convincing evidence, that is not the case under federal law. Under federal authority, only a preponderance of evidence is required to support the consideration of a prior conviction for sentencing purposes. It is undisputed that the trial court applied that standard in this case and, therefore, there is no error under federal law.

Moreover, the Arizona Court of Appeals, after finding that fundamental error occurred under the Arizona Constitution, nevertheless denied relief after finding the error harmless. *Id.*, p. 13. In reaching this conclusion, the court reasoned that:

> in this case, Holleman's probation officer identified him in court, stated she was supervising him pursuant to two prior felony convictions in CR-64000 and CR-20031170, and confirmed that his full name, date of birth, and social security number matched those on the sentencing minute entries for two other felony convictions in CR-63059 and CR-63903. The state also introduced, without objection, copies of the convictions in all four cases. Although Holleman contends on appeal that the state failed to prove the prior convictions, "neither party challenges the authenticity of these copies, and thus evidence conclusively proving his prior convictions is . . . in the record." *State v. Morales*, 215 Ariz. 59, ¶ 13, 157 P.3d 479, 482 (2007). Therefore, Holleman has not shown that a reasonable judge, applying the appropriate standard of proof, "could have reached a different result." *See [State v.] Henderson*, 210 Ariz. 561, ¶ 27, 115 P.3d at 609 [(2005)]. Because he has failed to make such a showing, we find no reversible error.

*Answer*, Ex. A, p. 13. This analysis applies with equal force here. *See Washington v. Recuenco*, 548 U.S. 212, 221-22 (2006) (sentencing errors are subject to harmless error review). Thus, even if the trial court had violated the United States Constitution, which as discussed above it did not, the error was nevertheless harmless based on the reasons identified by the Arizona Court of Appeals. Thus, Holleman is not entitled to relief on this claim.

## III. RECOMMENDATION

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, **deny** Holleman's Petition for Writ of Habeas Corpus (Doc. 1).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 10-433-TUC-JGZ**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be

considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003)(*en banc*).

Dated this 11th day of February, 2013.

Jacqueline M. Rateau
United States Magistrate Judge